UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

SHIRLEY I. PACHECO,

                          Plaintiff,

    -v.-
                                                      6:11-CV-965

HOME AMERICAN CREDIT, *et al,*                       (GTS/ATB)

                          Defendants.

---

APPEARANCES:

SHIRLEY I. PACHECO
Plaintiff *pro se*

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent the above complaint to me for my review. On June 18, 2011, plaintiff, Shirley I. Pacheco, filed this action *pro se* in the United States District Court for the Southern District of New York. (Dkt. No. 2). On August 5, 2011, Chief United States District Judge Loretta A. Preska issued a "Transfer Order," granting plaintiff's motion to proceed *in forma pauperis* (IFP) for the purpose of filing the complaint and ordered that the action be transferred to the Northern District of New York pursuant to 28 U.S.C. § 1406(a). (Dkt. No. 4). The case was received in the Northern District of New York on August 15, 2011. (Dkt. No. 5).

**I.**    **Complaint**

Plaintiff purportedly brings this complaint under the Federal Tort Claims Act, 28 U.S.C. § 2671–80, alleging constitutional violations by the defendants. Plaintiff has named Home American d/b/a Upland Mortgage, Southwest Capital LLC Show

Homes, Davidson Fink LLP, and Upland Mortgage as defendants.

Plaintiff appears to challenge events surrounding a foreclosure sale of a property which plaintiff's father had apparently mortgaged before his death and where it appears plaintiff still resides. (Compl. at III.C, Dkt. No. 2). Plaintiff alleges that from the year 2000 to the present, defendants have submitted "false documents," conducted a "phony auction," threatened her family members, entered her home "illegally," lied to courts and judges, pretended to be buyers, "tried to get land and all easements," and "destroyed [plaintiff's] life and terrorized [her]." *Id.* Plaintiff states that she has additionally been denied due process of law. *Id.* Plaintiff requests substantial monetary damages of "one million + per year." *Id.* at V. Plaintiff also requests that all involved be disbarred, arrested, and jailed. *Id.*

### A. *In Forma Pauperis* (IFP)

Pursuant to 28 U.S.C. § 1915(a)(1), the court may authorize the commencement, prosecution, or defense of any suit, action or proceeding without the pre-payment of fees. The individual seeking permission to proceed IFP must file an affidavit which includes a statement of all assets, showing that the individual is unable to pay the fees or give security therefor. *Id.* The same section, however, states that this determination is "subject to subsection (b)." *Id.* Subsection (b) provides that notwithstanding any filing fee or portion of the fee that may have been paid, the court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue, or the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune

from such relief.  28 U.S.C. § 1915 (e)(2)(B)(i)–(iii).

In determining whether an action is frivolous, the court must determine whether the complaint lacks an arguable basis in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources.  *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974).  To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  (citing *Bell Atl. Corp.*, 550 U.S. at 555).

A plaintiff may meet the financial requirements for IFP, but still have her complaint dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(2).  *See Pickering-George v. Brookhaven (N.Y.) Center*, No. 10-CV-1103, 2010 WL 1740439, at *2 (E.D.N.Y. April 30, 2010) (court granted IFP for filing, but dismissed plaintiff's complaint under section 1915).  Thus, this court will review plaintiff's complaint to determine whether the action may proceed.

**B.   Federal Tort Claims Act**

Plaintiff asserts her claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–80.  A claim comes within the FTCA if it is for money damages for injury or loss of property or personal injury or death, caused by negligent

3

or wrongful acts or omissions of any employee of the federal government while acting in his or her official capacity. *FDIC v. Meyer*, 510 U.S. 471, 477 (1994) (quoting 28 U.S.C. § 1346(b)). The act or omission must be taken under circumstances where the United States would be liable to the claimant in accordance with the law of the place where the act or omission occurred. *Id.*

Plaintiff lists no employee or agent of the United States Government, nor does it appear any were involved. The named defendants are mortgage companies and law firms that were apparently involved in the state court foreclosure action. Plaintiff has failed to state a claim under the FTCA, and her complaint, to the extent it is based on the FTCA, should be dismissed.

### C.   Due Process

Conclusory allegations are insufficient to rise to the level of a constitutional claim. *See Ashcroft v. Iqbal*, 129 S. Ct. at 1949. Plaintiff's complaint contains one conclusory allegation apparently related to the alleged foreclosure action where she claims she was "denied due process." (Compl. at III.C). However, plaintiff fails to specifically state how defendants violated her due process rights. Defendants are private parties that do not owe plaintiff any "process." Plaintiff appears to be alleging that the mortgage transaction was somehow suspect and therefore caused the foreclosure action to be suspect as well. Plaintiff's mere allegations that it was a "sham" foreclosure, do not state a constitutional due process claim.

To the extent that plaintiff seeks to have this court overturn or change a state court judgment, this court does not have subject matter jurisdiction to do so. The

*Rooker-Feldman* doctrine states that federal courts, other than the Supreme Court, lack jurisdiction over lawsuits brought by individuals who have lost in state court and are bringing a federal action seeking review and rejection of those state court judgments. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). In order for the *Rooker-Feldman* doctrine to apply, plaintiff must have lost in the state court; he must complain of injuries caused by that state court judgment; he must invite the federal court to review and reverse that judgment; and the state court judgment must have been rendered prior to the filing of the federal district court proceeding. *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005). The principle behind this doctrine is that only the Supreme Court of the United States may review state court decisions.[1] *Id*. (citing 28 U.S.C. § 1257).

      This case meets all the factors articulated in *Hoblock* for the application of the *Rooker-Feldman* doctrine to deprive this court of jurisdiction to reverse the state court foreclosure and sale orders. The Second Circuit has held that the *Rooker-Feldman* doctrine "clearly applies" to a case in which the debtor-appellant challenges a Judgment of Foreclosure and Sale, obtained by the creditor-appellee from a New York State court. *Castaldo v. Bank of New York*, 313 Fed. App'x 351, 352 (2d Cir. 2008). *See also Ashby v. Gilbert Polinsky*, 328 Fed. App'x 20 (2d Cir. 2009) (affirming the application in a foreclosure action); *Goldman v. Fairbanks Capital Corp.*, 348 F.

---

[1] There is an exception, cited by the Second Circuit, for habeas corpus actions, but clearly that exception is not applicable to this case. *Hoblock*, 422 F.3d at 85 n.5.

Supp. 2d 115 (S.D.N.Y. 2004) (case dismissed under *Rooker-Feldman* where the ultimate issue was plaintiff's challenge to the state court foreclosure order).  Thus, to the extent that plaintiff seeks reversal of the state court order, the case must be dismissed.

The court is required to treat *pro se* pleadings with the utmost liberality.  *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008).  If a liberal reading of the complaint "gives any indication that a valid claim may be stated," the court must grant leave to amend.  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).  However, the court need not allow an amendment if there is a lack of subject matter jurisdiction or if an amendment would be futile.  *Id*.  Clearly, plaintiff would not be able to amend her complaint to state a federal claim against these defendants.  As private actors, these defendants were not agents of the federal government, and no claim can arise under the FTCA.  As discussed above, plaintiff's allegations related to the foreclosure action are clearly within the jurisdiction of the state court, and outside the jurisdiction of this court.   Thus, this court should not allow plaintiff to file an amended complaint.

**WHEREFORE**, based on the above, it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 1) is **GRANTED FOR PURPOSES OF FILING ONLY**, and it is

**RECOMMENDED**, that the complaint be **DISMISSED IN ITS ENTIRETY WITH PREJUDICE**, and it is further

**RECOMMENDED**, that if the District Court adopts this recommendation, the

court further certify that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Order on plaintiff in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636 (b)(1) and Local Rule 72.1(c), the parties have **FOURTEEN (14) DAYS** within which to file written objections to the foregoing report.  Any objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: September 8, 2011

Hon. Andrew T. Baxter
U.S. Magistrate Judge