UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHIRLEY I. PACHECO,

                    Plaintiff,

v.

                                    6:11-CV-0965
                                    (GTS/ATB)
                                    (Lead Case)

HOME AMERICAN, d/b/a Upland Mortgage;
SOUTHWEST CAPITAL, LLC; SHOW HOMES, INC.;
and DAVIDSON FINK, LLP,

                    Defendants.
_____

SHIRLEY I. PACHECO,

                    Plaintiff,                6:11-CV-1195
                                    (GTS/ATB)
v.                                      (Member Case)

HOME AMERICAN, d/b/a Upland Mortgage;
SOUTHWEST CAPITAL, LLC; SHOW HOMES, INC.;
and DAVIDSON FINK, LLP,

                    Defendants.
_____

APPEARANCES:                        OF COUNSEL:

SHIRLEY I. PACHECO
  Plaintiff, *Pro Se*
2359 Oneida Street
Clayville, New York 13322

HON. GLENN T. SUDDABY, United States District Judge

## **MEMORANDUM-DECISION and ORDER**

      Currently before the Court, in the two above-captioned consolidated *pro se* civil rights

actions filed by Shirley I. Pacheco ("Plaintiff"), are United States Magistrate Judge Andrew T.

Baxter's Report-Recommendation recommending that both of Plaintiff's actions be *sua sponte*

dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B), and Plaintiff's Objection to the Report-Recommendation.  (Dkt. Nos. 6, 8.)  For the following reasons, the Report-Recommendation is accepted and adopted in its entirety, and both of Plaintiff's actions are dismissed in their entirety with prejudice.

I.      **RELEVANT BACKGROUND**

        A.      **Consolidation of Plaintiff's Complaints**

        On June 18, 2011, Plaintiff filed her Complaint in the above-captioned lead case, bearing Docket Number 11-CV-0965 (Dkt. No. 2.)  On month later, on July 18, 2011, she filed her Complaint in the above-captioned member case, bearing Docket Number 11-CV-1195.  *See Pacheco v. Home American*, 11-CV-1195, Complaint (N.D.N.Y. filed July 18, 2011).  On October 13, 2011, the above-captioned cases were consolidated by Order of Magistrate Judge Baxter because both actions involve the same parties and contain the same factual allegations. (Dkt. No. 7.)

        B.      **Summary of Plaintiff's Claims**

        Even when construed with the utmost of liberality, Plaintiff's Complaint in the lead case and her Complaint in the member case assert the same claims and factual allegations.  *Compare Pacheco v. Home American*, 11-CV-0965, Complaint (N.D.N.Y. filed June 18, 2011) *with Pacheco v. Home American*, 11-CV-1195, Complaint (N.D.N.Y. filed July 18, 2011).  As a result, the Court will discuss, and cite to, only Plaintiff's Complaint in the former case, when discussing Plaintiff's claims and factual allegations in this Decision and Order.

        More specifically, Plaintiff's Complaint asserts the following two claims against the above-named Defendants arising from events that occurred between 2000 to the date of the Complaint (June 13, 2011): (1) a claim that Defendants committed various torts against her, in

2

violation of 28 U.S.C. §§ 2671-80 of the Federal Tort Claims Act ("FTCA"), by (a) knowingly granting to her incompetent father an excessive loan secured by her father's home in Oneida County before he died in approximately October of 2001, (b) failing to serve her with process in an action to foreclose a mortgage on that home between approximately August of 2002 and July of 2008, (c) entering the home owned by her father's estate illegally to shut off the utility lines in approximately April of 2005, (d) submitting false documents to support a foreclosure proceeding ending in approximately March of 2006, (e) conducting a "phony auction" in approximately June of 2006,  and (f) wrongfully attempting to evict her in approximately June of 2008; and (2) a claim, pursuant to 42 U.S.C. § 1983, that Defendants violated her due process rights under the Fourteenth Amendment when they instituted a fraudulent foreclosure action against her father's home, where she currently resides.  (Dkt. No. 2, at II.A., II.B., III.C. & Attachments.)  As relief for these violations, Plaintiff's Complaint seeks "one million [dollars] per y[ear]" and the arrest and disbarment of all persons involved.  (*Id*. at V.)  For a more detailed recitation of Plaintiff's claims and supporting factual allegations, the Court refers the reader to the Complaint in its entirety and to Magistrate Judge Baxter's Report-Recommendation.  (Dkt. Nos. 1, 6.)

### C.    Magistrate Judge Baxter's Report-Recommendation

On September 7, 2011, Magistrate Judge Baxter issued a Report-Recommendation recommending that Plaintiff's action be dismissed for the following reasons: (1) Plaintiff's claim under the FTCA fails as a matter of law, because she has failed to allege facts plausibly suggesting that any of the Defendants are employees or agents of the federal government; (2) Plaintiff's due process claim under the Fourteenth Amendment fails as a matter of law, because she has failed to allege facts plausibly suggesting (a) that Defendants were state actors as required to state a claim pursuant to 42 U.S.C. § 1983, and (b) what, if any, due process she was

3

denied, under the circumstances; and (3) in any event, the Court lacks subject-matter jurisdiction to overturn or change the state court judgment in question under the circumstances, pursuant to the *Rooker-Feldman* doctrine.  (Dkt. No. 6, Part B-C.)

### D.      Plaintiff's Objection

On November 7, 2011, Plaintiff filed an Objection to the Report-Recommendation.  (Dkt. No. 8.)  Construed with the utmost special liberality, Plaintiff's Objection asserts the following four arguments: (1) the Court possesses subject-matter jurisdiction over Plaintiff's claims, because the property in dispute is located in Oneida County (within the Northern District of New York) and two of the Defendants are citizens of Pennsylvania; (2) Plaintiff has stated a claim under the FTCA because she has alleged that Defendants committed fraudulent acts by submitting false documents and inducing a fraudulent foreclosure action; (3) as to her due process claim, Plaintiff will submit further evidence in support of that claim; and (4) Plaintiff's claims are rendered viable by the fact that, during the time in question, the New York State Real Property Law prohibited Defendants from selling property to a sick dementia person such as Plaintiff's father.

## II.      APPLICABLE LEGAL STANDARDS

### A.      Standard of Review Governing a Report-Recommendation

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review.  Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).  To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings,  recommendations, or report to which it has an objection and [2] the basis for the objection."  N.D.N.Y. L.R.

72.1(c).[1]  When performing such a *de novo* review, "[t]he judge may . . . receive further

evidence. . . ." 28 U.S.C. § 636(b)(1).  However, a district court will ordinarily refuse to consider

evidentiary material that could have been, but was not, presented to the magistrate judge in the

first instance.[2]

　　　　When only a *general* objection is made to a portion of a magistrate judge's

report-recommendation, the Court subjects that portion of the report-recommendation to only a

*clear error* review.  Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee

Notes: 1983 Addition.[3]  Similarly, when an objection merely reiterates the *same arguments* made

by the objecting party in its original papers submitted to the magistrate judge, the Court subjects

---

[1]　　*See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2]　　*See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

[3]　　*See also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).

that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[4]  Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Id*.[5]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

### B.     Legal Authority Permitting Court to *Sua Sponte* Review Plaintiff's Complaint Under the Circumstances

Under the circumstances, the Court's authority to *sua sponte* review Plaintiffs' Complaint stems from three separate sources. (1) Fed. R. Civ. P. 12(h)(3), which provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss that

---

[4]      *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[5]      *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

action";[6] (2) 28 U.S.C. § 1915(e)(2)(B), which provides that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that–. . . the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief"; and (3) the Court's inherent power to manage its docket.

With regard to the second of the three above-described authorities, the Court notes that the dismissal of an action as duplicative has been found to fall within the ambit of the Court's power to dismiss a complaint which is frivolous or malicious pursuant to 28 U.S.C. § 1915(e).[7]

With regard to the third of the three above-described authorities, it is well settled that a district court has the power to *sua sponte* dismiss *pro se* complaint based on frivolousness. *See, e.g., Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000)

---

[6]       *See also McGinty v. N.Y.*, 251 F.3d 84, 90 (2d Cir. 2001) ("Whether a federal court has subject matter jurisdiction is a question that may be raised at any time . . . by the court *sua sponte*.") (internal quotation marks omitted); *United Food & Commercial Workers Union v. CenterMark Prop. Meriden Square, Inc.,* 30 F.3d 298, 301 (2d Cir. 1994) ("It is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte,* at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.").

[7]       *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (holding that a complaint that repeats pending or previously litigated claims "may be considered abusive" and dismissed under the authority of Section 1915[e]); *Buckenberger v. Reed*, 10-CV-0856, 2010 WL 1552672, at *1 (E.D. La. Mar. 16, 2010) (recommending dismissal of complaint asserting claims which were duplicative of those in a pending action as "malicious"); *Smith v. Ferrell*, 09-CV-0466, 2010 WL 653798, at *2-3 (S.D. Ala. Feb. 18, 2010) (dismissing action because claims were duplicative of those in another pending action); *Williams v. Bunn*, 06-CV-0466, 2007 WL 1703816, at *2 (W.D.N.Y. Jun. 7, 2007) (dismissing "religious claim" with prejudice because it was "repetitive of a claim twice brought previously and dismissed for plaintiff's failure to serve); *Hahn v. Tarnow*, 06-CV-12814, 2006 WL 2160934, at *1 (E.D. Mich. July 31, 2006) (dismissing complaint as "repetitive, malicious and frivolous, and duplicative"); *Blake v. Bentsen*, 95-CV-2227, 1995 WL 428694, at *2 (E.D.N.Y. Jul. 11, 1995) (dismissing "repetitious litigation" as abusive and malicious); *Denton v. Hernandez*, 504 U.S. 25, 30 (1992) (recognizing Congress's concern in 28 U.S.C. § 1915 that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.").

(recognizing that district court has power to *sua sponte* dismiss *pro se* complaint based on

frivolousness notwithstanding fact that plaintiff has paid statutory filing fee).  It is also is well

settled that "[a]s part of its general power to administer its docket, a district court may stay or

dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.*, 226 F.3d

133, 138 (2d Cir. 2000); *see also Colo. River Water Conservation Dist. v. United States,* 424

U.S. 800, 817 (1976) ("As between federal district courts, . . . though no precise rule has

evolved, the general principle is to avoid duplicative litigation."). The power to dismiss a

duplicative lawsuit is meant to foster judicial economy and the "comprehensive disposition of

litigation." *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952).[8] The

doctrine is also meant to protect parties from "the vexation of concurrent litigation over the same

subject matter." *Adam v. Jacob,* 950 F.2d 89, 93 (2d Cir. 1991).[9]

### C.     Legal Standard Governing Dismissal Based on Failure to State a Claim

It has long been understood that a dismissal for failure to state a claim upon which relief

can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds:

(1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a

challenge to the legal cognizability of the claim.  *Jackson v. Onondaga Cnty.*, 549 F. Supp.2d

---

[8]     The Second Circuit affirmed the dismissal of an action which "substantially
duplicate[d]" the conspiracy claim asserted in a prior action, notwithstanding the fact that the
the conspiracy claim in the first action was dismissed as insufficiently pleaded and plaintiff was
afforded an opportunity to amend, because "[plaintiff's] recourse is to appeal that decision after
judgment is entered in that case, not to file a duplicative second complaint." *Brown v. Plansky*,
24 F. App'x 26, 28 (2d Cir. 2001).

[9]     The rule against duplicative litigation is distinct from, but related to, the doctrine
of claim preclusion or *res judicata*, and the two doctrines serve some of the same policies. As the
Supreme Court stated over 100 years ago in *United States v. The Haytian Republic,* 154 U.S. 118
(1894), "[T]he true test of the sufficiency of a plea of 'other suit pending' in another forum [i]s
the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the
matters at issue in the second suit." *Id.* at 124.

204, 211, nn. 15-16 (N.D.N.Y. 2008) (McAvoy, J., adopting Report-Recommendation on *de novo* review).

Because Plaintiffs' Complaint is dismissed based on the first ground, a few words regarding that ground are appropriate. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp.2d at 212, n.20 (citing Supreme Court case). On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp.2d at 212, n.17 (citing Supreme Court cases) (emphasis added).

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Jackson*, 549 F. Supp.2d at 212, n.18 (citing Supreme Court cases); *Rusyniak v. Gensini,* 629 F. Supp.2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases). For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003). For example, numerous Supreme Court and Second Circuit decisions exist holding

that a pleading has failed to meet the "liberal" notice pleading standard. *Rusyniak,* 629 F.

Supp.2d at 213, n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v.*

*Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an

appellate decision holding that a complaint had stated an actionable antitrust claim under 15

U.S.C. § 1.  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007).  In doing so, the Court

"retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957),

that "a complaint should not be dismissed for failure to state a claim unless it appears beyond

doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him

to relief." *Twombly*, 127 S. Ct. at 1968-69.  Rather than turn on the *conceivability* of an

actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an

actionable claim.  *Id*. at 1965-74.  The Court explained that, while this does not mean that a

pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the

pleading must contain at least "some factual allegation[s]."  *Id*. at 1965.  More specifically, the

"[f]actual allegations must be enough to raise a right to relief above the speculative level [to a

plausible level]," assuming (of course) that all the allegations in the complaint are true.  *Id*.

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*,

129 S.Ct. 1937, 1949 (2009).  "[D]etermining whether a complaint states a plausible claim for

relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial

experience and common sense. . . .  [W]here the well-pleaded facts do not permit the court to

infer more than the mere possibility of misconduct, the complaint has alleged–but it has not

show[n]–that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1950 [internal quotation marks and citations omitted].  However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id.*, it "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 129 S.Ct. at 1949  (internal citations and alterations omitted).  Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted).

This pleading standard applies even to *pro se* litigants.  While the special leniency afforded to *pro se* civil rights litigants somewhat loosens the procedural rules governing the form of pleadings (as the Second Circuit has observed), it does not completely relieve a *pro se* plaintiff of the duty to satisfy the pleading standards set forth in Fed. R. Civ. P. 8, 10 and 12.[10] Rather, as both the Supreme Court and Second Circuit have repeatedly recognized, the requirements set forth in Fed. R. Civ. P. 8, 10 and 12 are procedural rules that even *pro se* civil rights plaintiffs must follow.[11]  Stated more simply, when a plaintiff is proceeding *pro se*, "all

---

[10]      *See Vega v. Artus,* 610 F. Supp.2d 185, 196 & nn.8-9 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases); *Rusyniak,* 629 F. Supp.2d at 214 & n.34 (citing Second Circuit cases).

[11]      *See Vega,* 610 F. Supp.2d at 196, n.10 (citing Supreme Court and Second Circuit cases); *Rusyniak,* 629 F. Supp.2d at 214 & n.34 (citing Second Circuit cases).

normal rules of pleading are not absolutely suspended." *Jackson*, 549 F. Supp.2d at 214, n.28 [citations omitted].[12]

### D.      Legal Standard Governing Dismissals Based on Lack of Standing

The right to initiate an action is a threshold requirement which prevents a plaintiff from bringing claims before a court on behalf of persons not party to the litigation. *See Warth v. Seldin*, 422 U.S. 490, 498-99 (1975) ("[W]hether the plaintiff has made a 'case or controversy' . . . within the meaning of Article III . . . is the threshold question in every federal case, determining the power of the court to entertain suit").

Standing is "the threshold question in every federal case," and it implicates the Court's subject matter jurisdiction. *Ross v. Bank of Am., N.A. (USA)*, 524 F.3d 217, 222 (2d Cir. 2008). To invoke the jurisdiction of the federal courts and establish standing a plaintiff must show the following: (1) that she has personally suffered some actual or threatened injury; (2) that the injury is fairly traceable to the defendant's allegedly unlawful conduct; and (3) that the injury is likely to be redressed by the requested relief. *Valley Forge Christian Coll. v. Am. United for Separation of Church and State, Inc.*, 454 U.S. 464, 472 (1982); *Fulani v. Bentsen*, 35 F.3d 49, 51-52 (2d Cir. 1994).

---

[12]      It should be emphasized that Fed. R. Civ. P. 8's plausibility standard, explained in *Twombly*, was in no way retracted or diminished by the Supreme Court's decision (two weeks later) in *Erickson v. Pardus*, in which (when reviewing a *pro se* pleading) the Court stated, "*Specific* facts are not necessary" to successfully state a claim under Fed. R. Civ. P. 8(a)(2). *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) [emphasis added].  That statement was merely an abbreviation of the often-repeated point of law–first offered in *Conley* and repeated in *Twombly*–that a pleading need not "set out *in detail* the facts upon which [the claim is based]" in order to successfully state a claim.  *Twombly*, 127 S. Ct. 1965, n.3 (citing *Conley*, 355 U.S. at 47) [emphasis added].  That statement did not mean that all pleadings may achieve the requirement of "fair notice" without ever alleging any facts whatsoever.  Clearly, there must still be enough fact set out (however set out, whether in detail or in a generalized fashion) to raise a right to relief above the speculative level to a plausible level.  *See Rusyniak*, 629 F. Supp.2d at 214 & n.35 (explaining holding in *Erickson*).

### E.    Legal Standard Governing Dismissal Based on Duplicative Nature of Action

Although no precise test has been articulated for determining whether actions are duplicative, *"*the general rule is that a suit is duplicative of another suit if the parties, issues and available relief do not significantly differ between the two actions." *I.A. Durbin, Inc. v. Jefferson Nat. Bank*, 793 F.2d 1541, 1551 (11th Cir. 1986). "Courts generally look to the identity of the parties, legal claims, factual allegations including temporal circumstances, and the relief sought to determine if the complaint is repetitive or malicious." *Hahn*, 2006 WL 2160934, at *3.

It is worth noting that district courts have broad discretion in determining whether an action should be dismissed as duplicative.  *Lopez v. Ferguson*, 361 F. App'x 225, 226 (2d Cir. 2010) (affirming dismissal of action as duplicative of a pending class action as to which plaintiff fell within the certified class).[13]  There are several approaches to the proper disposition of duplicative actions, including stay of the second action, dismissal without prejudice, and consolidation. *Curtis*, 226 F.3d at 138. In addition, "simple dismissal of the second suit is another common disposition because plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Id*. at 138-39.[14]

### F.    Legal Standard Governing Dismissals Based on Statute of Limitations

Claims arising under 42 U.S.C. § 1983 are governed by state statutes of limitations. *Wilson v. Garcia*, 471 U.S. 261, 266-267 (1985).  In New York, such claims are governed by the general three-year limitations period governing personal injury claims.  *Owens v. Okure*, 488 U.S. 235, 251 (1989).  Accrual of the claim, however, is a question of federal law.  *Ormiston v.*

---

[13]      *See also Flemming v. Wurzberger*, 322 F. App'x 69, 71 (2d Cir. 2009); *Curtis*, 226 F.3d at 138.

[14]      *See also Zerilli v. Evening News Ass'n*, 628 F.2d 217, 222 (D.C. Cir. 1980); *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (*en banc*).

*Nelson*, 117 F.3d 69, 71 (2d Cir. 1997).  Under federal law, generally, a claim arising under 42

U.S.C. § 1983 "accrues" when the plaintiff "knows or has reason to know of the injury which is

the basis of his action."  *Pearl v. City of Long Island Beach*, 296 F.3d 76, 80 (2d Cir. 2002),

accord, *Pauk v. Bd. of Trustees of City Univ. of New York*, 654 F.2d 856, 859 (2d Cir. 1981)

However, there are some limited exceptions to this general rule.  One such limited exception is

embodied in what is known as the "continuing violation doctrine."  *Nat'l R.R. Pass. Corp. v.*

*Morgan*, 536 U.S. 101, 107 (2002).  Generally, under the continuing-violation doctrine, where

there is an "ongoing discriminatory policy or practice," the accrual time for the statute of

limitations may be delayed until the last act in furtherance of the policy.  *Harris v. City of New*

*York*, 186 F.3d 243, 248 (2d Cir. 1999).[15]

## III.   ANALYSIS

For the reasons stated above, after carefully subjecting Magistrate Judge Baxter's Report-

Recommendation to the appropriate level of review, the Court concludes that the Report-

Recommendation is thorough, well-reasoned and correct.  As a result, Magistrate Judge Baxter's

Report-Recommendation is accepted and adopted in its entirety.

The Court would add the following nine brief points.  First, those portions of the Report-

Recommendation that the Court has subjected to a clear-error review would survive even a *de*

*novo* review.  Second, the mere fact that the property in question is located in the Northern

---

[15]      *See also Van Zant v. KLM Royal Dutch Airlines,* 80 F.3d 708, 713 (2d Cir. 1996)
("The continuing violation exception applies when there is evidence of an ongoing
discriminatory policy or practice . . . ."); *Lambert v. Genesee Hosp.*, 10 F.3d 46, 53 (2d Cir.
1993) ("The continuing violation exception applies to cases involving specific discriminatory
policies or mechanisms . . . .") [citations omitted]; *Gomes v. Avro Corp.*, 964 F.2d 1330, 1333
(2d Cir. 1992) (doctrine applies if plaintiff has experienced a "continuous practice and policy of
discrimination") [citation omitted]; *see also*, *infra*, note 19 of this Report-Recommendation
(citing cases from Second Circuit).

District of New York does not confer on this Court subject-matter jurisdiction over Plaintiff's claims (and Plaintiff's attempt to invoke diversity jurisdiction fails because two of the Defendants, like Plaintiff, are New York citizens).  Third, Plaintiff's argument about Defendants committing fraudulent acts ignores Magistrate Judge Baxter's reason for finding that Plaintiff did not state a claim under the FTCA: none of the Defendants are employees or agents of the federal government.  Fourth, contrary to her promise to do so, Plaintiff did not in fact attempt to submit further evidence in support of her due process claim following her Objection.  Fifth, a violation of state law alone (such as New York State Real Property Law) is insufficient to give rise to a claim pursuant to 42 U.S.C. § 1983.[16]  Sixth, the Court finds no reason to believe that Plaintiff has standing to assert a claim on behalf of her father.  Seventh, by filing two actions asserting the same claims against the same defendants, Plaintiff has wasted judicial resources, and flagrantly abused the judicial process.  Eighth, to the extent that Plaintiff's claims arise from events occurring before June 18, 2008 (three years before the date on which she filed her Complaint), and she has failed to allege facts plausibly suggesting that there has been an ongoing discriminatory policy or practice, her claims are barred by the three-year statute of limitations governing her claims.  Ninth, and finally, the Court finds that it would be inappropriate to grant Plaintiff leave to amend her Complaint not simply for the reasons offered by Magistrate Judge Baxter but also for the alternative reasons added above in Part III of this Decision and Order.

---

[16]        Section 1983 provides, in pertinent part, "Every person who . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by *the Constitution and laws*, shall be liable to the party injured . . . ."  42 U.S.C. § 1983 [emphasis added].  The term "the Constitution and laws" refers to United States Constitution and *federal* laws.  A violation of a state law, *in and of itself*, does not give rise to liability under 42 U.S.C. § 1983.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 6) is

**<u>ACCEPTED</u>** and **<u>ADOPTED</u>** in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **<u>DISMISSED</u>** in its entirety with

prejudice.

The Clerk of the Court is directed to enter judgment in favor of Defendants and close this

action.

<u>The Court hereby certifies, for purposes of 28 U.S.C. § 1915(a)(3), that any appeal taken</u>

<u>from this Decision and Order would not be taken in good faith.</u>

Dated: January 27, 2012
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

16